### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIN L. ZHAO** <br> 3438 Englewood Street <br> Philadelphia, PA 19149 <br><br> **Plaintiff** <br><br> v. <br><br> **GEICO ADVANTAGE INSURANCE COMPANY** <br> 1 GEICO Boulevard <br> Fredericksburg, VA 22412 <br><br> **Defendant** | **COMPLAINT** <br><br> **No.:** |

**Parties**

1. Plaintiff, **JIN L. ZHAO**, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 3438 Englewood Street, Philadelphia, PA 19149.

2. Defendant, **GEICO ADVANTAGE INSURANCE COMPANY**, with their headquarters office located at 1 GEICO Boulevard, Fredericksburg, VA 22412, is a corporation or other entity authorized to conduct business and to issue polices of insurance in the Commonwealth of Pennsylvania.

**Jurisdiction**

3. Paragraphs 1 through 2 are incorporated herein by reference.

4. Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states, thus there is complete diversity between the parties.

5.       Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the motor vehicle accident underlying this action occurred.

**Factual Allegations**

6.       Paragraphs 1 through 5 are incorporated herein by reference.

7.       On July 20, 2021, Plaintiff Jin Lin Zhao was seriously hurt was traveling on southbound on I95 when Dong Huang changed lanes and struck Plaintiff, Jin L. Zhao, in the rear of his vehicle pushing him in a southeastern direction into the guard rail of the right lane. Plaintiff suffered serious, painful and permanent personal injuries.

8.       At the time of the collision, Dong Huang was insured by Progressive Insurance with bodily injury policy limits of $50,000.00.

9.       On April 6, 2023, Plaintiff agreed to settle with Progressive for $44,000.00.

10.      Plaintiff through his counsel sent a request to Geico requesting consent to settle with the third-party tortfeasor, and this was consented to on April 6, 2021. See attached Exhibit "A".

11.      Based upon the serious and permanent nature of Plaintiff's injuries, Dong Huang's bodily injury policy limits are not adequate to compensate Plaintiff for his serious and permanent injuries sustained as a result of the subject accident.

12.      At the time of the accident, Plaintiff, was driving a motor vehicle insured his car with Geico Insurance. A true and correct copy of the declaration sheet for Geico's policy is attached hereto as Exhibit "B".

13.      Plaintiff's believes, therefore alleges and avers that pursuant to the policy, specifically the INSURING AGREEMENT in the Underinsured Motorists Endorsement, it is

provided that "We will pay for compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury; (1) sustained by an insured person; and (2) caused by an accident, and arising out of the ownership, maintenance, or use of an underinsured motor vehicle."

14. Underinsured motor vehicle is defined to mean "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for bodily injury under the bond or policy to an insured is not enough to pay full amount the insured is legally entitled to recover as damages."

15. At the time that the Plaintiff purchased the Geico policy, he selected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania in order to protect their employees if they suffered bodily injury as a result of someone's else's negligence.

16. As a result of Plaintiff's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, they paid, and Defendant, Geico accepted increased premium payments.

17. At the time that Plaintiff's employer purchased the Geico, he elected to purchase underinsured motorist benefits.

18. As a result of Plaintiff's election of underinsured motorist benefits, he paid, and Defendant/ Geico accepted increased premium payments.

19. Plaintiff, through his counsel, provided Defendant, Geico with a formal demand package including all relevant medical records and reports concerning Plaintiff's condition, treatment and prognosis.

20. Plaintiff has made a demand for underinsured motorist coverage due under the

Geico policy based upon Plaintiff's injuries, including the injuries as reflected in the various medical records and reports.

21. Plaintiff has continuously demanded payment of the underinsured motorist coverage.

22. The medical records and reports provided to Defendant Geico establish Plaintiff suffered serious and permanent injuries including posttraumatic headaches, cervical disc herniation, multilevel lumbar disc protrusions, cervical radiculitis, lumbar radiculitis, cervical sprain/strain, lumbar sprain/strain, and myofascial pain, some or all of which may be permanent in nature.

23. The medical records and reports clearly establish that Plaintiff suffered and continues to suffer from severe pain and discomfort and will require continued treatment to manage his chronic pain for the foreseeable future.

### Count I
### Breach of Contract
### Plaintiff v. Defendant

24. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

25. Plaintiff has fully complied with all the terms, conditions and duties required under Defendant's policy.

26. Defendant has failed to evaluate objectively and fairly the Plaintiff's claim.

27. Defendant has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

28. Defendant failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious and permanent injuries.

29. Plaintiff is owed by Defendant, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate and underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

30. For reasons set forth above, Defendant has violated their obligations under the policy of insurance.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant for an amount in excess of the jurisdictional limits.

## Count II
## Bad Faith
## Plaintiff v. Defendant

31. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

32. The actions of Defendant, Geico in handling of Plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

(a) Failing to evaluate Plaintiff's claims objectively and fairly based on new information;

(b) Failing to re-evaluate Plaintiff's claims objectively and fairly based on new information;

(c) Engaging in dilatory and abusive claims handling;

(d). Failing to adopt or implement reasonable standards in evaluating Plaintiff's claims.

(e) Acting unreasonably and unfairly in response to Plaintiff's claims;

(f) No attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claims in which the Defendant liability under the policy had become reasonably clear;

(g). Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

  (h)  Failing to promptly offer reasonable payment to the Plaintiff;

  (i)  Failing to reasonably and adequately investigate Plaintiff's claims.

  (j)  Failing to reasonably and adequately investigate Plaintiff's claims;

  (k).  Failing to reasonably and adequately evaluate or review the medical documentation in Defendants' possession;

  (l)  Violating the fiduciary duty owed to the Plaintiff;

  (m)  Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

  (n)  Failing to make an honest, intelligent and objective settlement offer;

  (o)  Causing Plaintiff to expend money on the presentation of his claim; and

  (p)  Causing Plaintiff to bear the stress and anxiety associated with litigation.

33. An insurer such as Defendant has a fiduciary, contractual and statutory obligation to those such as the Plaintiff.

34. At all relevant times, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

35. For the reasons set forth above, Defendant, has violated the policy of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa.C.S.A. § 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the court deems appropriate.

36. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff and is liable for their bad faith conduct.

WHEREFORE, Plaintiff demands judgment against Defendant, and in his favor in an amount in excess of the arbitration limits for compensatory damages, punitive damages, interest, costs of suit, attorneys fee and any other damages allowed by 42 Pa. C.S.A. §8371.

RESPECTFULLY SUBMITTED:

STARK & STARK
A Professional Corporation


April 13, 2023

By: *s/R. Tyler Tomlinson*
     R. TYLER TOMLINSON
     Attorney for Plaintiff